FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 APR 18  PM 12 04

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

| | |
|---|---|
| MICHAEL L. DETTMER,<br><br>Plaintiff,<br><br>v.<br><br>DALLAS TONSAGER, United States Department of Agriculture Rural Development, *et al*,<br><br>Defendants. | Case No. 2:12–CV–00203–ABJ |

---

### OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

This case arises from the denial of plaintiff's rental application. Proceeding *pro se*, he filed a complaint alleging that several public and private defendants violated the Fair Housing Act and the Americans with Disabilities Act. The remaining private defendants have submitted a motion for summary judgment arguing that plaintiff was not qualified to rent an apartment, and, therefore, he has failed to establish a *prima facie* case of discrimination. For the following reasons, the Court **GRANTS** defendants' motion.

1

## BACKGROUND

On March 18, 2010, Plaintiff Michael L. Dettmer ("Dettmer") submitted a housing rental application to Defendant Aspen Creek Apartments ("Aspen Creek") in Jackson, Wyoming. [ECF No. 66-1 at 3]. Dettmer's housing application indicated that he had previously filed for bankruptcy and that he had been evicted from a previous residence. *Id.* He did not provide any information for previous landlords in his application. [*Id.*; ECF No. 66-2 at 2].

Dettmer was placed on Aspen Creek's waiting list on April 30, 2010. [ECF No. 66-2 at 1]. Upon review of his application, a determination was made that Dettmer was ineligible for housing at Aspen Creek because he failed to meet the management selection criteria. *Id.* at 2. Aspen Creek's management selection criteria includes receiving favorable references from an applicant's two most recent landlords. *Id.* If an applicant had not rented for five years, Aspen Creek would accept two personal references, other than friends or relatives, who could provide the manager with the same sort of information that is typically asked of a previous landlord. *Id.* Dettmer did not list any previous landlords on his application, and the three personal references he did provide were all identified as friends. *Id.*

Dettmer was notified via a letter dated September 16, 2010 that he had been removed from Aspen Creek's waiting list. [ECF No. 66-1 at 3; ECF No. 66-2 at 2]. Via a letter dated October 28, 2010, Dettmer requested that Aspen Creek grant him reasonable accommodations by ignoring his previous eviction and his bankruptcy. [ECF No. 66-1 at 4]. His requests were denied because he failed to provide sufficient evidence that the accommodations were necessary due to his disability. He also failed to identify the relationship or nexus between the requested accommodations and his disability. [ECF No. 66-2 at 2]. During his deposition, Dettmer admitted he is aware that eligibility for residency at Aspen Creek was based on applicable

income limits and management selection criteria. [ECF No. 66-1 at 6]. He also admitted that he was removed from Aspen Creek's waiting list because of his prior eviction. *Id.*

Proceeding *pro se*, Mr. Dettmer initiated this case by filing his Complaint on September 10, 2012. [ECF No. 1]. In it, he sued Defendants Syringa Property Management, Inc., Aspen Creek Apartments, Diane Hunt, Greg Luce, Brian Howard, Gary Machacek, Pat Machacek, Machacek Real Estate Holding Company, LLC, and several federal agencies and employees for violating the Fair Housing Act and the Americans with Disabilities Act. *Id.* The federal agencies and employees were dismissed from this case via a previous order. [ECF No. 56].

The remaining defendants have now submitted a Motion for Summary Judgment on all of Dettmer's claims against them. [ECF No. 65]. Dettmer did not initially respond to the instant motion. After the time for a responsive memorandum had passed, Defendants' filed a Notice of Non-Response. [ECF No. 68]. Shortly thereafter, Dettmer filed an Objection to Defendants' Motion for Summary Judgment ("Objection"), but he has submitted no evidence or other facts in his Objection or via another filing to support his claims. [ECF No. 69].

## STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is genuine if a reasonable juror could resolve the disputed fact in favor of either side. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is material if under the substantive law it is essential to the proper disposition of the claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). When the Court considers the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in the non-movant's favor." *Anderson*, 477 U.S. at 255.

The party moving for summary judgment has the burden of establishing the nonexistence of a genuine dispute of material fact. *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013). The moving party can satisfy this burden by either (1) offering affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c)(1)(A)–(B).

Once the moving party satisfies this initial burden, the nonmoving party must support its contention that a genuine dispute of material fact exists either by (1) citing to particular materials in the record, or (2) showing that the materials cited by the moving party do not establish the absence of a genuine dispute. *See id.* The nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive a summary judgment motion, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Further, when opposing summary judgment, the nonmoving party cannot rest on allegations or denials in the pleadings but must set forth specific facts showing that there is a genuine dispute of material fact for trial. *See Travis v. Park City Mun. Corp.*, 565 F.3d 1252, 1258 (10th Cir. 2009).

When considering a motion for summary judgment, the court's role is not to weigh the evidence and decide the truth of the matter, but rather to determine whether a genuine dispute of material fact exists for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact-finder, not the court. *Id.* at 255.

## DISCUSSION

Defendants move for summary judgment on Dettmer's Fair Housing Act and Americans with Disabilities Act claims arguing that he has not "produced any evidence that he was qualified to rent the apartment at Aspen Creek Apartments." [ECF No. 66 at 6]. Dettmer did not address Defendants' arguments in his Objection, but the Court will do its best to consider his case in light of his *pro se* status.

First, the Court notes that Dettmer has only generally cited and mentioned the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") in his Complaint. [ECF No. 1 at ¶¶ 19, 21, 22]. The Fair Housing Act makes it illegal "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of (A) that buyer or renter." 42 U.S.C. § 3604(f)(1). The FHA also makes it illegal to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling . . . because of a handicap of (A) that person." 42 U.S.C. § 3604(f)(2).

The Tenth Circuit has specifically applied the three-part burden of proof analysis established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to FHA claims. *Asbury v. Brougham*, 866 F.2d 1276, 1279 (10th Cir. 1989).

> Under the *McDonnell Douglas* analysis, plaintiff first must come forward with proof of a prima facie case of discrimination. Second, if plaintiff proves a prima facie case, the burden shifts to defendants to produce evidence that the refusal to rent or negotiate for a rental was motivated by legitimate, non-racial considerations. Third, once defendants by evidence articulate non-discriminatory reasons, the burden shifts back to plaintiff to show that the proffered reasons were pretextual.

*Id.*

A plaintiff may establish a prima facie case of housing discrimination by showing that: (1) he is a member of a protected class; (2) he applied for and was qualified to rent the housing; (3) he was denied the opportunity to rent; and (4) the housing opportunity remained available to

5

other renters. *See Asbury v. Brougham*, 866 F.2d 1276, 1280 (10th Cir. 1989) (citing *Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032, 1038 (2d Cir.1979)); *Johnson v. Levy, et al.*, 812 F.Supp.2d 167, 179 (E.D.N.Y. 2011). Dettmer alleges that he is disabled, and Defendants do not contest his allegation. Instead, Defendants argue that Dettmer was not "qualified to rent . . . the housing."

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To establish a violation of Title III of the ADA, a plaintiff must prove that: (1) he or she has a disability; (2) he or she was "otherwise qualified" for the benefit that has been denied; (3) the defendants are subject to Title III of the ADA; and (4) he or she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of his or her disability. *Johnson*, 812 F.Supp.2d at 180.

A rental applicant may be "qualified to rent" housing if he or she "meets the objective requirements of a landlord." *Robinson*, 610 F.2d at 1038 (quoting *Smith v. Anchor Bldg. Corp.*, 536 F.2d 231, 233 (8th Cir. 1976)). In the instant case, Defendant Syringa Property Management established selection criteria for applicants at Defendant Aspen Creek Apartments that includes favorable references from an applicant's two most recent landlords, and, if the applicant has not rented for five years, two personal references that are not friends or relatives. [ECF No. 66-2 at 2]. Defendant Aspen Creek also "reserved the right to reject an applicant based on poor credit history and unfavorable landlord references." *Id.*

During his deposition, Dettmer admitted that he indicated on his rental application that he had previously filed for bankruptcy and that he had been evicted from a previous residency. [ECF No. 66-1 at 3]. He also admitted that he understands that an applicant's eligibility is based on financial information and management selection criteria. *Id.* He also admitted that "the primary reason" that Defendant Aspen Creek removed him from the waiting list was his poor credit history and previous eviction. *Id.* at 6. As noted above, Dettmer did not respond to Defendants' legal arguments. He also has not provided any evidence to support his *prima facie* case, and he has not provided any evidence that Defendants' selection criteria was used as a pretext to discriminate. *See Asbury*, 866 F.2d at 1279. It seems clear to the Court that Dettmer has failed to substantiate a *prima facie* claim of FHA or ADA housing discrimination.

In his deposition, Dettmer also seemed to raise the issue of "reasonable accommodation." [ECF No. 66-1 at 4]. Dettmer did not allege a reasonable accommodation claim in his complaint, and it is unclear in his deposition whether he is claiming an FHA reasonable accommodation violation under 42 U.S.C. § 3604(f)(3)(B) or an ADA reasonable accommodation violation under 42 U.S.C. § 121829(b)(2)(A)(ii). It seems that Dettmer asked for "reasonable accommodation" in that he asked Defendants to disregard his previous bankruptcy and him being evicted from a previous dwelling. [ECF No. 66-1 at 4]. Defendant Aspen Creek denied Dettmer's requests for accommodation because he "failed to provide sufficient evidence that accommodations were necessary due to a disability" and he failed to "identify the relationship or nexus between" the requested accommodation and his disability. [ECF No. 66-2 at 2].

The FHA duty of reasonable accommodation is confined to "'rules, policies, practices, or services' . . . that hurt handicapped people by reason of their handicap, rather than that hurt them

solely by virtue of what they have in common with other people, such as a limited amount of money to spend on housing." *Hemisphere Bldg. Co., Inc. v. Vill. of Richton Park*, 171 F.3d 437, 440 (7th Cir. 1999). Defendants' policy of asking for references from previous landlords and financial information is not a rule, policy, or practice that appears to hurt handicapped people by reason of their handicap. Instead, filing for bankruptcy and being evicted are just the sorts of things that affect common people as well as disabled people. Like the lack of evidence for his *prima facie* case, Dettmer has not presented any evidence to suggest that the Defendants' selection criteria hurt him because of his disability.

Furthermore, Dettmer has not submitted any evidence to suggest that his request was "reasonable" under the statute, and he was not submitted any evidence that the modification was "necessary to accommodate his disability." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) (the fourth element of an ADA reasonable accommodation claim is that "the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.").

## CONCLUSION

For the forgoing reasons, the Court can do nothing other than conclude that Mr. Dettmer has failed to establish a *prima facie* case of FHA or ADA housing discrimination. He has also failed to prove "reasonable accommodation" discrimination under either the FHA or the ADA. The Court, therefore, **GRANTS** Defendants' Motion for Summary Judgment, ECF No. 65. Accordingly, the Court **ORDERS** that summary judgment be entered in favor of Defendants Syringa Property Management, Inc., Dianne Hunt, Northwest Associates, Gary Machacek, Pat

Machacek, Machacek Real Estate Holding Company, LLC, and Brian Howard on all of Plaintiff's claims.

Dated this 17th day of April, 2014.

/s/ Alan B. Johnson
Alan B. Johnson
United States District Judge